**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Apr 23, 2018
OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| ACADIA INSURANCE COMPANY, CONTINENTAL WESTERN INSURANCE COMPANY, AND UNION INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIANCE INSURANCE GROUP OF ARKADELPHIA, INC. AND BERRY R. BISHOP, <br><br> Defendants, | Case No. 18-6035 |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Acadia Insurance Company, Continental Western Insurance Company, and Union Insurance Company (collectively, the "Plaintiffs"), file this complaint against Defendants Alliance Insurance Group of Arkadelphia, Inc. ("Alliance") and Berry R. Bishop and would respectfully show this Court the following:

**A.      THE PARTIES**

1.      Plaintiff Acadia Insurance Company is an insurance company and is incorporated under the laws of the State of New Hampshire and has it principal place of business in the State of Maine.

2.      Plaintiff Continental Western Insurance Company is an insurance company and is incorporated under the laws of the State of Iowa and has it principal place of business in the State of Iowa.

3.   Plaintiff Union Insurance Company is an insurance company and is incorporated under the laws of the State of Iowa and has it principal place of business in the State of Iowa.

4.   Defendant Alliance Insurance Group of Arkadelphia is a corporation and is incorporated under the laws of the State of Arkansas and may be served through its registered agent, Berry Bishop at 1015 Caddo Street, Arkadelphia, AR 71923.

5.   Defendant Berry R. Bishop is an individual and is a citizen of the State of Arkansas, and may be served at Berry Bishop at 1015 Caddo Street, Arkadelphia, AR 71923.

**B.   JURISDICTION AND VENUE**

6.   The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because plaintiffs and defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

7.   The amount in controversy is more than $75,000, not counting interest and costs of court because when plaintiffs share a common and undivided claim and the undivided claim satisfies the minimum amount for diversity jurisdiction, the undivided claim can be considered to achieve the jurisdictional amount.  *Snyder v. Harris*, 394 U.S. 332, 338, 89 S. Ct. 1053, 1057, 22 L. Ed. 2d 319 (1969).  Here, Plaintiffs' claims arise out of the same contract against the same Defendants, and the claim is common and undivided.  The undivided claim satisfies the minimum amount for diversity jurisdiction, so can be considered to achieve the jurisdictional amount.

8.   Venue is proper in this district under 28 U.S.C. §1391(b)(1) because defendants reside in this district and in Arkansas and under 28 U.S.C. § 1392(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.  The claims in this lawsuit

arise out of an Agency-Company Agreement, which is governed by the laws of Defendant Alliance's domicile – Arkansas.

**C.      CONDITIONS PRECEDENT**

9.      All conditions precedent have occurred or have been performed.

**D.      FACTS**

10.     Plaintiffs, Acadia Insurance Company, Continental Western Insurance Company, and Union Insurance Company entered into an Agency-Company Agreement (the "Agreement, attached as Exhibit 1) with Defendant, Alliance, on November 29, 2012.

11.     Defendant, Bishop, President of Alliance, signed the Agreement on behalf of Alliance and entered into a personal guaranty on the same date in consideration for the Agreement ("Guaranty," attached as Exhibit 2). The Guaranty established Bishop's liability in the event the Agreement is breached.

12.     Through the Agreement, Plaintiffs authorized Alliance to sell insurance policies on their behalf and collect premiums on such policies. Exhibit 1 at IB1. The Agreement states that Alliance "would act in a fiduciary capacity with respect to all premiums collected and pay all amounts due to" Plaintiffs. Exhibit 1 at IB3. The Agreement also states that Alliance "shall hold as a fiduciary trust, all premiums collected by or paid to [Alliance] for insurance issued in the [Plaintiffs' names]. All premiums net of commissions payable to [Alliance], are the property of the [Plaintiffs] and are debts owed by [Alliance] to the [Plaintiffs]. . . ." Exhibit 1 at IV(A).

13.     Further, Plaintiffs specifically appointed Bishop to act as their agent for the purpose of selling insurance policies issued by Plaintiffs and accepting premiums for the sale of such policies.

14. As President of Alliance, Bishop was at all times a principal of Alliance acting within the scope of his employment and his actions were within his general authority in furtherance of Alliance's business and for the accomplishment of the object for which Bishop was hired.

15. On April 1, 2014, in a Change of Ownership Agreement, signed by Defendant Bishop, Defendant Alliance assumed an Agency-Company Agreement, dated October 12, 1979, between Plaintiffs and Douglas-Newman Insurance Agency. *See* Exhibit 3.

16. On April 17, 2018, Allen Kerr, Insurance Commissioner for the State of Arkansas (the "Commissioner"), executed an Emergency Suspension Order because Alliance collected approximately $1,700,000 insurance premiums for which Alliance and Bishop should have held in trust but cannot account. *See* Exhibit 4.

17. Plaintiffs have reason to believe that premiums in excess of $600,000, which were owed on policies issued by Plaintiffs, were received by Bishop and Alliance and are included amongst the uncounted-for funds which are the subject of the Commissioner's Order. Bishop and Alliance have failed and refused to remit these premiums to Plaintiffs.

E. **CLAIMS AGAINST DEFENDANTS**

**COUNT 1 - BREACH OF CONTRACT**
**(Against Alliance)**

18. All paragraphs above are incorporated herein.

19. Plaintiffs and Alliance entered into the Agreement that required Alliance to hold all premiums owed to Plaintiffs in a fiduciary trust and to, with respect to premiums, collect and pay all amounts due to Plaintiffs. *See* Exhibit 1. Plaintiffs fully performed their obligations under the Agreement; but, Alliance failed to hold all premiums owed to Plaintiffs in a fiduciary trust and to collect and pay all amounts due to Plaintiffs, as required by the Agreement. As a result of Alliance's breach, Plaintiffs have suffered damages.

## COUNT 2 – NEGLIGENT HIRING AND SUPERVISING
### (Against Alliance)

20. All paragraphs above are incorporated herein.

21. Alliance owed Plaintiffs a legal duty to hire, supervise, train and retain competent employees. Alliance's President, Bishop, has mishandled, mismanaged and/or misappropriated funds belonging to Plaintiffs in discharging his duties to Plaintiffs as their appointed agent. Bishop, at all times, was acting in the course and scope of his employment with Alliance. Alliance knew, or in the exercise of reasonable care should have known that Bishop subjected Plaintiffs to unreasonable risk of harm. Alliance breached its duty to Plaintiffs by failing to hire and supervise competent employees. Alliance's negligent breach of duty proximately caused Plaintiffs to sustain damages.

22. Alliance is also liable under the doctrine of respondeat superior because Bishop was acting within the scope of his employment and his actions were within his general authority in furtherance of Alliance's business and for the accomplishment of the object for which Bishop was hired.

## COUNT 3 – SUIT ON GUARANTY
### (Against Bishop)

23. All paragraphs above are incorporated herein.

24. In consideration of the Agreement, Plaintiffs and Bishop entered into the Guaranty, which established Bishop's liability in the event the Agreement is breached. The Agreement was breached. Bishop failed to satisfy the terms of the Guaranty.

## COUNT 4 - CONVERSION
### (Against all Defendants)

25. All paragraphs above are incorporated herein.

26. The Agreement required Alliance to hold as a fiduciary trust, on behalf of Plaintiffs, all premiums collected by or paid to Alliance for insurance issued in Plaintiffs' names. These funds are the property of Plaintiffs. As a principal of Alliance, that duty extended to Bishop. Defendants intentionally took dominion and control of the premiums, failed to maintain them in a fiduciary trust for Plaintiffs' benefit in violation of Plaintiffs' rights under the Agreement, and wrongfully converted the funds for their own use and benefit and to the detriment of Plaintiffs.

### COUNT 5 - FRAUD
### (Against all Defendants)

27. All paragraphs above are incorporated herein.

28. Upon executing the Agreement, Alliance falsely represented that it would hold as a fiduciary trust all premiums collected by or paid to it for insurance issued in Plaintiffs' name. As a principal of Alliance, that authority extended to Bishop. Using their status as duly appointed agents of Plaintiffs, Defendants solicited applications for insurance policies from customers of Alliance and submitted those applications to Plaintiffs with the intent that Plaintiffs reply upon Defendants actions and representations in issuing insurance policies. Plaintiffs did, in fact, rely upon the actions and representations of Defendants in issuing insurance policies in expectation that Plaintiffs would receive the premiums due and owing to Plaitniffs, less the commission due to Defendants. Defendants, however, fraudulently diverted the premiums due to Plaintiffs to themselves for their own benefit, resulting in damages to Plaintiffs.

### COUNT 6 –NEGLIGENCE
### (Against all Defendants)

29. All paragraphs above are incorporated herein.

30. Alliance owed a legal duty to Plaintiffs to properly collect, account for, hold in trust, and ultimately remit to Plaintiffs premiums received on their behalf. As a principal of Alliance and

duly appointed agent for Plaintiffs, Bishop also owed Plaintiffs this duty. Defendants breached that duty by negligently failing to collect premiums due and owing to Plaintiffs, negligently commingling funds belonging to Plaintiffs with other funds, negligently mismanaging or misappropriating funds, and negligently failing to remit premiums collected Plaintiffs. The breach proximately caused Plaintiffs' damages.

### COUNT 7 - MONEY HAD & RECEIVED AND UNJUST ENRICHMENT
### (Against all Defendants)

31.     All paragraphs above are incorporated herein.

32.     Through the Agreement, Plaintiffs authorized Alliance to sell insurance policies on their behalf and receive premiums due and owing to Plaintiffs for such policies. As a principal of Alliance and duly appointed agent for Plaintiffs, that authority extended to Bishop. Plaintiffs, reasonably expected to be paid the amount of such premiums, minus the commissions paid to Defendants. Defendants were aware that Plaintiffs authorized them to sell insurance policies on their behalf with the expectation of being paid and accepted the money for such policies. Defendants received the reasonable value the premiums, which were due and owing to Plaintiffs, but have failed to remit these funds to Plaintiffs.

### COUNT 8 - CONSTRUCTIVE TRUST
### (Against all Defendants)

33.     All paragraphs above are incorporated herein.

34.     Plaintiffs request the Court impose a constructive trust, so that Alliance and Bishop hold the premiums due and owing to Plaintiffs in trust for Plaintiffs' benefit. All elements of a constructive trust are satisfied. A confidential relationship exists between Plaintiffs and Defendants. Defendants' retention of legal title of premiums would be inequitable under the circumstances and the existence of trust is essential to the effectuation of justice.

## COUNT 9 - BREACH OF FIDUCIARY DUTY
### (Against all Defendants)

35. All paragraphs above are incorporated herein.

36. The Agreement created a fiduciary relationship between Plaintiffs and Alliance. *See* Exhibit 1 at IB3 ("[Alliance] shall act in a fiduciary capacity with respect to all premiums collected and pay all amounts due to [Plaintiffs]. . . ."). As a principal of Alliance, that fiduciary duty extended to Bishop also. Defendants, therefore, owed Plaintiffs the utmost duty of care and loyalty in carrying out their responsibilities to Plaintiffs with respect to the collection of premiums on Plaintiffs' behalf. Defendants breached their fiduciary duties to Plaintiffs by failing to properly account for funds collected and received by Alliance on behalf of Plaintiffs, and by comingling, misappropriating, mishandling, and or mismanaging funds belonging to Plaintiffs. Defendants' conduct resulted in damages to Plaintiffs.

**F.    DAMAGES**

37. As a direct and proximate result of Defendants' actions, Plaintiffs' actual damages including, without limitation, the amount of lost premiums in the amount of $671,187.37.

38. Plaintiffs are entitled to recover punitive damages from Defendants because Defendants knew or ought to have known in light of the surrounding circumstances that their conduct would naturally and probably result in damages to Plaintiffs. But, they continued their conduct with reckless disregard of the consequences, from which malice may be inferred.

**G.    ATTORNEY FEES**

39. As a result of Defendants' breach, Plaintiffs retained legal counsel and seek reimbursement for their reasonable attorneys' fees, as authorized by the Agreement.

**H.    JURY DEMAND**

40. Plaintiffs hereby request that this case be tried on all issues before a jury.

## I. PRAYER

For these reasons, Plaintiffs ask for judgment against Defendants for the following:

    a.    Actual damages sustained by Plaintiffs as a result of Defendants' actions, including without limitation the $671,187.37 in premiums due and owing to Plaintiffs;

    b.    The imposition of a constructive trust;

    c.    An accounting of Defendants' records and premiums collected;

    d.    Full restitution;

    e.    Punitive damages;

    f.    Reasonable attorneys' fees;

    g.    Prejudgment and postjudgment interest;

    h.    Costs of suit; and

    i.    All other relief the Court deems appropriate.

Respectfully submitted,

*/s/J. Price Collins*
J. Price Collins
Arkansas State Bar No.    2010276
Email: price.collins@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 Phone
(214) 698-1101 Facsimile

**ATTORNEY FOR PLAINTIFFS**